

COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 APR 20  AM 10: 54

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| QUANG NGUYEN, | DIVISION ONE |
| Petitioner, | |
| | No. 70841-4-I |
| v. | |
| | UNPUBLISHED OPINION |
| PORT OF SEATTLE POLICE DEPARTMENT, | |
| Respondent. | FILED: April 20, 2015 |

DWYER, J. — Quang Nguyen appeals the civil forfeiture of $80,000 under the Uniform Controlled Substances Act, chapter 69.50 RCW, to the Port of Seattle Police Department. Nguyen contends that the hearing examiner erred by denying his motion to suppress evidence of a dog sniff that violated his constitutional rights against warrantless searches. We affirm.

I

Around 5:00 a.m. on August 3, 2011, SeaTac airport security agents stopped Quang Nguyen to investigate numerous bulges in his clothing. Upon determining that the bulges were bundles of money, the agents referred the matter to the Port of Seattle Police. After repeatedly advising Nguyen that he was not under arrest and was free to leave, officers asked him whether he would

answer their questions and consent to a search of his carry-on bag. Nguyen spoke with the officers and allowed them to search his bag. The officers determined that Nguyen had a total of $80,000 concealed on his person and in his bag. They also discovered "pay and owe sheets," receipts for wire transfers to Vietnam totaling $25,000, and a receipt indicating that Nguyen had paid $4,000 cash on his credit card in Dutch Harbor, Alaska the previous day. Nguyen admitted that he had been convicted of distributing narcotics in 1996.

Officers put the bundles of cash in a plastic bag and then placed the bag in a public lobby area. Detective Matthew Bruch and his narcotics detection dog, Lilly, then entered the lobby. Lilly indicated to Detective Bruch that she had detected the odor of narcotics near a garbage can, where the Detective found the bag of money. The officers then seized the money and provided Nguyen with a written notice of seizure pursuant to RCW 69.50.505.

Nguyen filed a timely claim for the money. Prior to the administrative hearing, Nguyen filed a motion to suppress evidence of the dog sniff, arguing that it was a "second and distinct search," after the money was seized, and therefore "not allowed under article 1, section 7 of the Washington State Constitution and the Fourth Amendment." The hearing examiner denied the motion to suppress evidence of the dog sniff. After the hearing, the hearing examiner entered written findings of fact and conclusions of law forfeiting Nguyen's interest in the $80,000 to the Port of Seattle Police Department. Nguyen appealed to King County Superior Court, which affirmed the hearing examiner's decision.

Nguyen again appeals.

II

We apply the standards of the Washington Administrative Procedure Act (APA), chapter 34.05 RCW, directly to the agency record in reviewing agency adjudicative proceedings. William Dickson Co. v. Puget Sound Air Pollution Control Agency, 81 Wn. App. 403, 407, 914 P.2d 750 (1996). Nguyen has not assigned error to any findings of fact, so they are verities on appeal. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). On questions of law, our review is de novo. Franklin County Sheriff's Office v. Sellers, 97 Wn.2d 317, 325, 646 P.2d 113 (1982).

As below, Nguyen argues on appeal that after the police found the money during a consensual search of his person and bag, the Fourth Amendment and Washington's constitution required them to obtain a search warrant or request his specific or additional consent before taking the money into another room to perform a "second and separate search" with the dog. Contrary to Nguyen's assertions, however, the dog sniff did not constitute an unlawful search under either the Fourth Amendment or Washington's constitution. "A 'canine sniff' by a well-trained narcotics detection dog" "in a public place," does "not constitute a 'search' within the meaning of the Fourth Amendment." United States v. Place, 462 U.S. 696, 706-07, 103 S. Ct. 2637, 77 L. Ed.2d 110 (1983); see also, Illinois v. Caballes, 543 U.S. 405, 410, 125 S. Ct. 834, 160 L. Ed. 2d 842 (2005) ("A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment.").

Under Washington's constitution, whether a "canine sniff is a search depends on the circumstances of the sniff itself." State v. Hartzell, 156 Wn. App. 918, 929, 237 P.3d 928 (2010) (citing State v. Boyce, 44 Wn. App. 724, 729, 723 P.2d 28 (1986)). "[A]s long as the canine 'sniffs the object from an area where the defendant does not have a reasonable expectation of privacy, and the canine sniff itself is minimally intrusive, then no search has occurred.'" Hartzell, 156 Wn. App. at 929 (quoting Boyce, 44 Wn. App. at 730). As the dog herein sniffed the plastic bag containing the money in a public lobby area, the sniffing did not intrude into an area where Nguyen had a reasonable expectation of privacy. No violation of article I, section 7 occurred during the dog sniff. Thus, the hearing examiner properly denied Nguyen's motion to suppress.

Affirmed.

We concur: